UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALLIA ALLIA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TIMOTHY PERCY BUSSMAN, et al.,<br><br>    Defendants. | Case No. 23-cv-03948-RMI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE HUMBOLDT HEALS' ANSWER AND ORDER DIRECTING CLERK TO ENTER DEFAULT**<br><br>Re: Dkt. No. 57 |

On September 2, 2025, Plaintiffs filed a motion for summary judgment against both remaining Defendants, as well as a motion to strike Defendant Humboldt Heals' answer because Humboldt Heals is an unrepresented corporation. (Pl.'s Mot., Dkt. 57 at 9.) Plaintiff also requested that "a default judgment should be entered against [Humboldt Heals] for the same reasons and because it has repeatedly been in violation of Local Rul 3-9 as a corporation/entity being unrepresented." *Id.* at 2. Defendant Humboldt Heals' opposition was due on September 16, 2025. No opposition has been filed, and no one appeared on Humboldt Heals' behalf at the hearing held on October 21, 2025.

Defendant Humboldt Heals is a limited liability company, so it cannot appear in federal court except by counsel. *See Rowland v. Cal. Men's Colony*, 546 U.S. 194, 201-02 (1993); *see also M.O.R.E., LLC v. United States*, No. C 12-3609 PJH, 2012 WL 4902802, at *4 (N.D. Cal. Oct. 15, 2012) ("a limited liability company cannot appear in propria persona"); Civil Local Rule 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). On April 2, 2025, the court granted Ms. Amelia

Burroughs' motion to withdraw as counsel of record for Humboldt Heals. (Dkt. 55 at 1.) To date, and since Ms. Burroughs' withdrawal, Humboldt Heals has not had counsel appear in court on its behalf.

Accordingly, the court GRANTS Plaintiffs' motion to strike Defendant Humboldt Heals' answer, and the answer (Dkt. 10) is STRICKEN. Additionally, since Humboldt Heals' answer has been stricken, the Court DIRECTS the Clerk to enter default as to Humboldt Heals. Here, default is appropriate because the court granted Ms. Burroughs' motion to withdraw in May, and Defendant Humboldt Heals failed to obtain counsel. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("perfectly appropriate" for district court to strike answer and enter default judgment against corporation when it failed to retain counsel); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (determining that striking an answer and entering default judgment are within a court's inherent powers); *see also Coastal Env't Rts. Found. v. Aztec Perlite Co., Inc.*, No. 24-cv-385-RSH-SBC, 2024 WL 4520350, at *3 (S.D. Cal. Oct. 16, 2024) (struck answer and entered default sua sponte under court's inherent powers); *Girty v. Paradigm Collection LLC*, No. 4:23-CV-03239-KAW, 2025 WL 1455817, at *1 (N.D. Cal. May 21, 2025) (finding default appropriate where defendant, a limited liability company, failed to obtain counsel after counsel's withdrawal). Given the passage of time, it appears unlikely that Defendant Humboldt Heals will be obtaining counsel, which means that it cannot defend itself in this case.

Plaintiffs are directed to file a motion for default judgment in accordance with Rule 55(b) within 60 days of the Clerk of the Court entering default against Defendant.

**IT IS SO ORDERED.**

Dated: October 27, 2025

ROBERT M. ILLMAN
United States Magistrate Judge